UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MONTALVO,<br><br>   Petitioner,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>   Respondent. | No.  2:13-cv-1276 MCE GGH (HC)<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 3, 2013, respondent filed a motion to dismiss.  Petitioner filed an opposition on October 21, 2013, after receiving an extension of time from this Court.  On November 4, 2013, respondent filed a reply.

The instant petition challenges the identical sentencing issues raised by a previous habeas petition, and respondent has confirmed that this is the case.[1]  ECF No. 17.  This petition is successive to Montalvo v. Malfi, case no. 2:08-cv-1224, wherein petitioner alleges he was sentenced under California's former Indeterminate Sentencing Law ("ISL") because his crime was committed in 1976, but that the parole board has refused to convert his sentence to conform to the Determinate Sentencing Law ("DSL"); that his sentence violates the Eighth Amendment;

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

1  and that applying newer parole guidelines, rather than those applicable to ISL sentences, violates

2  the Ex Post Facto Clause of the Constitution.  ECF, 2:08-cv-1224, No. 1.  The previous

3  application for a writ of habeas corpus was denied as untimely.  ECF, 2:08-cv-1224, No. 74.  In

4  the instant petition, petitioner again alleges that the parole board failed to fix his term to conform

5  to the DSL and that this failure violated his Eighth Amendment, due process, and ex post facto

6  rights.  ECF, 2:13-cv-1276, No. 1.  "A claim presented in a second or successive habeas corpus

7  application under section 2254 that was presented in a prior application shall be dismissed."  28

8  U.S.C. § 2244(b)(1).  And, an initial federal habeas petition which was dismissed on statute of

9  limitations grounds will make a second petition successive under 28 U.S.C. § 2244(b).  McNabb

10  v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009).  Therefore, petitioner's claims that were also made

11  in his previous petition should be dismissed.

12  The present petition, however, alters petitioner's claim regarding the violation of his ex

13  post facto rights.  Here, he claims that the board violated his ex post facto rights by labeling his

14  commitment offense a hate crime without affording him a jury trial.  ECF, 2:13-cv-1276, No. 1,

15  2.  "A claim presented in a second or successive habeas corpus application under section 2254

16  that was not presented in a prior application shall be dismissed. . . ."  28 U.S.C. § 2244(b)(2).

17  This is the case unless,

18  > (A) the applicant shows that the claim relies on a new rule
19  > of constitutional law, made retroactive to cases on collateral review
   > by the Supreme Court, that was previously unavailable; or

20  > (B)(i) the factual predicate for the claim could not have been
21  > discovered previously through the exercise of due diligence; and

22  > (ii) the facts underlying the claim, if proven and viewed in
   > light of the evidence as a whole, would be sufficient to establish by
23  > clear and convincing evidence that, but for constitutional error, no
   > reasonable factfinder would have found the applicant guilty of the
   > underlying offense.
24

25  28 U.S.C. § 2244(b)(2).

26  However, "[b]efore a second or successive application permitted by this section is filed in

27  the district court, the applicant shall move in the appropriate court of appeals for an order

28  authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Therefore, petitioner's application must be dismissed without prejudice to its refiling upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, filed September 3, 2013, (ECF No. 17), be GRANTED; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 3, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:33/mont1276.hc.fr.