1

2

3

4

5

6

7

8                                     UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN MONTALVO,                                No.  2:13-cv-1276 MCE GGH P

12                        Petitioner,

13             v.                                   ORDER

14    CALIFORNIA DEPARTMENT OF
      CORRECTIONS,
15
                            Respondent.
16

17

18             Petitioner, a state prisoner proceeding pro se, has filed a "petition for issuance of

19    certificate of appealability" which this court also construes as notice of appeal of this court's

20    March 4, 2014 dismissal of his application for a writ of habeas corpus as successive.

21             Before petitioner can appeal this decision, a certificate of appealability must issue.  28

22    U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability may issue under 28 U.S.C.

23    § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional

24    right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific

25    issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

26             A certificate of appealability should be granted for any issue that petitioner can

27    demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different

28    court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290

                                                      1

1 | F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).[1]

2 |      Petitioner has made a substantial showing of the denial of a constitutional right in the

3 | following issue(s) presented by the instant petition.  The underlying, initial petition in this case,

4 | 08-cv-1224, was dismissed on statute of limitations grounds.  At the time of ruling in the petition

5 | under review here, the undersigned was bound to apply  McNabb v. Yates, 576 F.3d 1028 (9th

6 | Cir. 2009) (dismissal of habeas petition for failure to comply with statute of limitations renders

7 | subsequent petitions successive).  That holding has not been overturned.  However, in Cook v.

8 | Ryan, 688 F.3d 598, 608 (9th Cir. 2012), the court ruled that a  Fed.R.Civ.P 60(b) motion

9 | attacking a previous, final ruling on *inter alia*, limitations grounds, was not attacking a ruling on

10 | the "merits," and hence could not be considered a successive petition.  The issue addressed in

11 | both cases (whether a previous petition dismissed for being untimely makes a second attack in

12 | habeas as one being "on the merits" of a conviction and "successive") appears similar, but the

13 | outcome of each case appears to be conflicting, and based simply on the form in which a

14 | petitioner makes his attack on the previous ruling, i.e., a second petition versus a Rule

15 | 60(b)motion.[2]  Perhaps an appellate ruling in this case could clear up the apparent confusion.

16 |      Accordingly, IT IS HEREBY ORDERED that:

17 |     1.  The Clerk of the Court shall construe ECF number 30 as both a request for certificate

18 |     of appealability and as a notice of appeal of the judgment, pursuant to Fed. R. App. P.

19 |     4(a), and process the appeal to the Ninth Circuit.

20 |     2.  A certificate of appealability is issued in the present action.

21 |     3.  The Clerk of the Court shall serve this order on the Ninth Circuit Court of Appeals.
Dated:  April 17, 2014

22 |

23 |

24 |    MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

25 |

26 | [1]  Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a

27 | certificate of probable cause.  Jennings, at 1010.
[2] Cook itself involved a decision dismissing the claim on procedural default grounds, but the

28 | opinion expressly included limitations dismissals as being included in its pronouncement.