UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MONTALVO,<br><br>  Petitioner,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>  Respondents. | No. 2:13-cv-01276 MCE GGH<br><br>FINDINGS AND RECOMMENDATIONS |

INTRODUCTION AND SUMMARY

Petitioner challenges his failure to obtain a favorable result at a parole suitability hearing. He challenges that result because:

1. he was sentenced to a term with life imprisonment as a maximum possible term for first degree murder under the ISL (indeterminate sentencing law) structure, the state was compelled to fix a determinate term when the sentencing law was changed to DSL (determinate sentencing law);

2. in denying petitioner parole eligibility[1], the Board of Parole Hearings (BPH)

---

[1] There may be a semantic difference between parole "eligibility" and parole "suitability" in California law, but the undersigned will use the term "eligibility" and "suitability" interchangeably here for that requirement under California law that before a parole date can be fixed, petitioner must be found suitable, i.e., eligible, for parole by the BPH.

1

1  committed due process error when it typified his crime as a "hate crime," something for which he
2  was not convicted;

3      3.    in scheduling of petitioner's next parole eligibility five years in the future the BPH
4  committed federal due process (ex post facto) error.

5  Respondent challenges the merits of petitioner's argument, but also makes untimeliness
6  and procedural default arguments. Because the petition is devoid of merit, and the procedural
7  issues are complex, the undersigned will address the merits only.

8  The petition should be denied as: (1) petitioner is simply mistaken about the interpretation
9  of California law; (2) even if that law such could be construed as a federal due process issue; the
10 evidentiary conclusion of at least one member of the BPH that petitioner's crime was a "hate
11 crime" is not reviewable in federal habeas corpus; and finally, (3) the five year delay in
12 scheduling petitioner's next parole hearing does not violate federal ex post facto law.

13 PROCEDURAL BACKGROUND

14 On June 9, 2011 Petitioner (again) raised the issue of his right to have a parole date set
15 after a hearing before the Board of Parole Hearings [hereinafter "BPH"] held on March 1, 2011,
16 through a Request for Evidentiary Hearing filed in the San Francisco Superior Court in which he
17 also complained of the length of delay before his next hearing was scheduled which will be
18 discussed below. ECF No. 17-2 at 2-10. The Superior Court denied the petition on July 26, 2011,
19 finding it to be successive and piecemeal. ECF No. 17-2 at 12. The First District Court of
20 Appeal summarily denied the Petition on September 14, 2011 without comment, ECF No. 17-2 at
21 41, as did the California Supreme Court on September 14, 2011. ECF No. 17-2 at 55.

22 Petitioner filed a Petition for Habeas Corpus on October 4, 2012 in the Northern District
23 of California. ECF No. 1. Insofar as he was challenging administrative decisions made regarding
24 his parole status, and he was incarcerated in the Eastern District of California, the matter was
25 transferred to this court on June 10, 2013. ECF Nos. 7, 8. Defendant filed a Motion to Dismiss on
26 September 3, 2013, ECF No. 17, which was followed by a Petitioner's Motion for appointment of
27 counsel and an extension of time to respond to the Motion both filed on September 10, 2013, ECF
28 No. 19. On September 25, 2013, the court denied the motion to appoint counsel, ECF No. 21, but

1  additional time to respond was granted.  ECF No. 20.  On March 4, 2014, the District Judge
2  signed an Order adopting the Findings and Recommendations of the Magistrate Judge stating that
3  the Petition was successive, and ruled that the matter be dismissed without prejudice and the case
4  closed.  ECF No. 28.  Judgment was entered the same day. ECF No. 29. Petitioner sought, and
5  was granted a certificate of appealability and an appeal was forwarded to the Ninth Circuit Court
6  of Appeals on April 22, 2014. ECF Nos. 31-33.  On July 27, 2015 the appellate court issued a
7  Memorandum Decision which reversed the decision of this court and remanded the matter for
8  further proceedings.[2]  ECF No. 35.  The apparent basis of the reversal was that every parole
9  eligibility denial permits petitioner to attack that most recent decision in federal habeas even if the
10 same issue, previously disposed of on the merits, is raised time and again.

11     The case was reopened in this court on August 20, 2015, and on October 1, 2015
12 Petitioner again sought appointment of counsel, ECF No. 37, and the request was again denied.
13 ECF No. 38.  On December 7, 2015, the Defendant moved to Dismiss the Petition on procedural
14 grounds and on the merits, ECF No. 39; petitioner opposed the Motion, ECF No. 43, and the
15 Defendant replied. ECF No. 44.

16                                THE PETITION

17     Petitioner is challenging his sentencing, not his conviction, based upon a crime committed
18 in 1976.  In December 1984, Petitioner was sentenced under the "old" ISL to an indeterminate
19 sentence of seven years to life, plus two years -- which is what Penal Code § 1168(b) permitted at
20 the time of his conviction -- pursuant to plea under Penal Code § 187 (first degree murder) with a
21 firearm enhancement under Penal Code § 12022.5. ECF No. 17-1.  The sentencing statute was
22 amended several times between the date of Petitioner's conviction in 1984 and the current
23 pleading.  ECF No. 39-1 at 16.  At issue here-- the Legislature enacted Penal Code § 1170 to

---

[2] Petitioner had first challenged the failure of the Board of Parole to set a parole date for him in February, 2006. ECF No. 17-1 at 8.  It is this petition upon which this court's determination that the present petition was successive and thus barred was based.  The San Francisco Superior Court denied the writ as untimely on Aril 1, 2006, ECF No. 17-1 at 20-21, the First District Court of Appeal affirmed that decision on June 8, 2006. EF No. 17-1 at 47, and the California Supreme Court agreed on April 18, 2007.  ECF No. 17-2 at 32.

reinstitute determinate sentencing in 1977.[3] Petitioner claims that his sentence should have been fixed as a determinate sentence upon passage of the DSL.

Petitioner also claims that the Board members who held his hearing in 2011 stated their belief that his crime was, in fact, a hate crime perpetrated because the victim was gay. A partial transcript of the hearing in question discloses that a Board member did indeed state that the panel was aware that the murder for which petitioner was sentenced was a hate crime, ECF No. 43 at 11:19-12:24. Petitioner argues that this finding shows a violation of the ex post facto concerns of the federal Constitution insofar as he didn't plead to a hate crime and this finding extended his sentence without being tested in the Superior Court.

Finally, although difficult to decipher, petitioner appears to be complaining of the five year scheduling of his next parole eligibility hearing.

## DISCUSSION[4]

A.   The Non-Fixture of a Determinate Term

Generally, an allegation that state law was not correctly followed leads to a dismissal of the claim in federal habeas as federal habeas corpus deals solely with allegations of denial of federally protected rights. After Swarthout v. Cooke, 562 U.S. 216, 218 (2011), and even well before, it has been made clear that federal due process protections do not include federal assurance of adherence to California instituted procedures. As the Court stated it, "we have long recognized that 'a "mere error of state law" is not a denial of due process.'" Swarthout, 562 U.S. at 220 (citations omitted). The authorities are clear that federal habeas review does not lie for alleged errors of state law. Id. See also Rivera v. Illinois, 556 U.S. 148, 158 (2009): ([A] mere error of state law, we have noted 'is not a denial of due process;'" Engle v. Isaac, 456 U.S. 107, 1

---

[3] Petitioner committed the crime of first degree murder in 1976, but was not sentenced until 1984. Therefore, petitioner was sentenced pursuant to the "old" indeterminate sentencing law (ISL) and regulations, and not the "new" determinate sentencing laws and regulations (DSL) which had come into being after 1976.

[4] Respondent has moved to dismiss the petition, in part, for failure to state a claim. Whether that precise motion is permitted in federal habeas, the court may adjudicate the bona fides of such a motion pursuant to Rule 4 of the Section 2254 rules. Petitioner has been given an opportunity to respond so that the procedural posture of the case is no different than if an answer had been filed.

n.2 (1982). See also Estelle v. McGuire, 502 U.S. 62, 67 (1991). The Due Process Clause, our decisions instruct, safeguards not the meticulous observance of state procedural prescriptions, but the fundamental elements of fairness in a criminal trial [or a parole hearing]. Spencer v. Texas, 385 U.S. 554, 563-564 (1967)."

However, one could suppose that a violation of fundamental rights described in state law, giving rise to a liberty interest protected under the Federal Constitution, is actionable in federal habeas. Such a liberty interest might well arise if state law had *required* an indeterminate term to be transformed into a determinate term with a fixed parole date, and petitioner's sentence was not changed. Nevertheless, even assuming the change from ISL to DSL could give rise to a liberty interest in some respects, petitioner is simply incorrect that any state law required a fixed, determinate sentencing for ISL life prisoners upon enactment of the DSL.

> Under both the 1976 and the current rules, a life prisoner must first be found suitable before a parole date is set.

In re Stanworth, 33 Cal. 3d 176, 183 (1982).[5]

While ex post facto concerns dictate that petitioner is entitled in his eligibility review to the most favorable set of rules, either those developed for ISL or DSL life prisoners, Connor v. Estelle, 981 F.2d 1032, 1034-1034-1035 (9th Cir. 1992), this is not to say that petitioner is entitled under state law to a parole date fixed for non-life prisoners.

---

[5] California law recognizes the right to a fixed parole date for indeterminate sentences, unless the BPH legitimately finds that the public safety requires continued incarceration, is a matter of substantive due process under state law. See In re Lawrence, 44 Cal.4th 1181 (2008). Some appellate cases have indicated that a term of imprisonment in excess of the maximum base term calculated by the BPH or the adjusted base term to be possibly a matter of cruel and unusual punishment under state law. See In re Stoneroad, 215 Cal.App.th 596, 654-655 (2013). However, under any interpretation of California law, the BPH retains discretion to find a life prisoner ineligible for a fixed parole date. As demonstrated by In re Stanworth, above, California's parole scheme contemplates that a prisoner sentenced to a term of seven years to life, as was Petitioner, must be found suitable for parole before a parole date can be set. The criteria for determining whether a prisoner is suitable for parole are set forth in California Penal Code § 3041(b) and related implementing regulations. See 15 Cal.Code Regs. § 2402. Whether petitioner would be entitled to application of the 1976 rules if such rules were more beneficial than the one's currently in effect is doubtful. If, pursuant to the judgment of the panel, a prisoner will pose an unreasonable danger to society if released, he must be found unsuitable and be denied a parole late. Id. at § 2402(a).

1  There is no need, therefore, to analyze whether some fundamental right, guaranteed by
2  state law, has given rise to a federal liberty interest.
3       Even if this court interprets petitioner's claim herein as one being sought directly
4  under the Eighth Amendment to the federal Constitution, and not the similarly worded
5  state constitution, petitioner's claim also fails.  "There is no constitutional or inherent right
6  of a convicted person to be conditionally released before the expiration of a valid
7  sentence." Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. U.S.
8  1, 7 (1979).  The possibility that Petitioner will have been incarcerated in excess of the
9  applicable base term if and when he ultimately is found suitable for parole does not
10 implicate the Eighth Amendment, given his "life" sentence.
11      The Supreme Court has never held that a sentence of seven years to life, in and of itself,
12 violates the Cruel and Unusual Punishment Clause.  It has also not determined that such a
13 sentence imposed for the crime of first degree murder is excessive for purposes of the Eighth
14 Amendment.  As petitioner is serving a sentence that is consistent with California law, his
15 punishment cannot be considered excessive or disproportionate under clearly established Eighth
16 Amendment precedent.  Ewing v. California, 538 U.S. 11, 23-24 (2003) ("'Eighth Amendment
17 does not require strict proportionality between crime and sentence'"; "'[r]ather, it forbids only
18 extreme sentences that are "grossly disproportionate" to the crime'") (citation omitted); see also
19 Harmelin v. Michigan, 501 U.S. 957, 995 (1991)(upholding sentence of life without the
20 possibility of parole for possession of 672 grams of cocaine by first time offender); Lockyer v.
21 Andrade, 538 U.S. 63, 75 (2003) (affirming 25 years to life sentence under Three Strikes law for
22 petty theft of $153.54 worth of videotapes).  These Supreme Court decisions indicate that the
23 term Petitioner has served to date for the crime of first degree murder with the use of a firearm is
24 not so disproportionate as to violate the Eighth Amendment or due process.
25      Covering all potential bases for a claim in this *pro se* case, to state an Equal Protection
26 claim, petitioner must allege that he was intentionally treated differently from others similarly
27 situated and that there was no rational basis for the difference in treatment.  See Village of
28 Willowbrook v. Olech, 528 U.S. 562, 564 (2000); City of Cleburne, Tex. v. Cleburne Living

Center, 473 U.S. 432, 439, 446 (1985). Petitioner has not shown that he was intentionally treated differently from other similarly situated parole applicants. See Remsen v. Holland, 2012 WL 5386347, at *5 (E.D.Cal. Nov.1, 2012) (in light of discretionary and "highly fact bound" nature of the parole decision, and legal standards governing a parole decision, "the histories of other prisoners do not establish that Petitioner was similarly situated with other prisoners or tend to show any invidious discrimination that would be protected under the federal Equal Protection Clause"); Rowe v. Cuyler, 534 F.Supp. 297, 301 (E.D. Pa. 1982), aff'd, 696 F.2d 985 (3d Cir. 1982) (unpublished disposition) ("Indeed, it is difficult to believe that any two prisoners could ever be considered 'similarly situated' for the purpose of judicial review on equal protection grounds of broadly discretionary decisions [such as eligibility for prison pre-release program] because such decisions may legitimately be informed by a broad variety of an individual's characteristics."); see also Wilson v. Walker, 2011 WL 572116, at *4 (E.D. Cal. Feb. 15, 2011), *adopted*, 2011 WL 1087285 (E.D. Cal. Mar. 23, 2011) ("petitioner was treated equally to other indeterminate life-term inmates seeking parole in that he was given a hearing pursuant to state law where his individual circumstances were considered in determining whether he was suitable for parole"). For these reasons, petitioner has not stated a potentially colorable Equal Protection claim.

In sum, petitioner's assertion that he is entitled to a fixed parole date, i.e., a fixed term, is not reviewable in federal habeas.

B. The Terming of Petitioner's Crime of Murder as a Hate Crime

It may well be that petitioner's 1976 crime was not a hate crime as such laws were generally unknown in the 1970s. Moreover, there is no record that petitioner was convicted of such a crime as it is known today. Prior to 2011, petitioner would have an arguable claim, therefore, that "some evidence" did not support the "hate crime" finding of at least one commissioner, if this finding had a meaningful impact on the parole eligibility decision. Not so after 2011.[6]

---

[6] Petitioner believes that the commissioner's expression of an evidentiary conclusion violates ex post facto due process concerns. However, the commissioner's expression is not the application

In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or the governor because of the lack of some evidence supporting parole ineligibility. Swarthout v. Cooke, supra. The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979), the Supreme Court noted it had found under Nebraska's similar parole regimen that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout, 562 U.S. at 220. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. Id. at 861–62. Federal due process protection for such a state-created liberty interest is "minimal," the determination being whether "the minimum procedures adequate for due-process protection of that interest" have been met. The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. Id. at 862–63; Miller v. Oregon Bd. of Parole and Post–Prison Supervision, 642 F.3d 711, 716 (9th Cir.2011) ("The Supreme Court held in Cooke [v. Swarthout] that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision.") (emphasis in original). This procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole. Swarthout, 562 U.S. at 218. The Ninth Circuit has acknowledged that after Swarthout, substantive challenges to parole decisions are not cognizable in habeas. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).

---

of law which should not apply to petitioner because it post-dates his crime. It is more correctly viewed as an evidentiary conclusion, i.e., petitioner's crime might well have been termed a hate crime today (something viewed as more heinous than mere murder), and it is the *circumstances* of petitioner's crime which deem him unsuitable or ineligible for parole. Petitioner actually attacks the evidence supporting such a conclusion, or more accurately, the lack thereof.

Petitioner raises <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), to support his position. Clearly <u>Apprendi</u> does hold that to enhance a defendant's sentence using a crime for which he had not been convicted (or plead guilty) constituted a due process violation insofar as the defendant has the right to have a jury decide his guilt or innocence beyond a reasonable doubt. But this case does not implicate <u>Apprendi</u> principles. There, after the defendant had pled guilty, the prosecutor sought enhancement of his sentence on the ground that his crime was a hate crime, the court held an evidentiary hearing, and ultimately enhanced defendant's sentence. 530 U.S. at 470-471. But here, the Board's action did not "extend" or "enhance" petitioner's sentence – he had been sentenced to 7 years to life. Instead, it exercised the discretion it is given to determine whether petitioner was "suitable" for release, one element of which is whether it has some evidence that leads it to believe the release of Petitioner would threaten the public safety. See <u>Connor v. Estelle</u>, supra, 981 F.2d at 1033-1034. <u>Blakely</u> was decided on essentially the same principle – a court cannot enhance a sentence beyond the scope permitted by the prescribed penalty under the law to which the defendant pleaded or the jury convicted him. It speaks not at all to a limit on the discretion reposed in a BPD which has a specific charge to determine suitability on any number of factors not necessarily related to the specific facts of his conviction or sentencing. The Board's action here is within its purview and falls directly within the <u>Swarthout</u> proscription against interfering with the discretion given to the Board as a procedural matter. It did not expand his sentence beyond the outside limits of that to which he had pleaded and that had been imposed by the court. 542 U.S. at 303-304.

Petitioner does not contest that he was present and had an opportunity to present his arguments before the BPH, and was then informed on the record why parole was denied. The federal Due Process Clause requires no more. Petitioner's argument fails under § 2254 habeas review because it implicates questions of whether the finding of ineligibility, i.e., unsuitability, was supported by some meaningful evidence. Petitioner is not entitled under federal law to have this court review the record evidence.

////

  C. <u>The Five Year Period Before the Next Parole Eligibility Hearing</u>

  Petitioner barely raises the issue that due process (ex post facto) was violated because his next parole eligibility (suitability) hearing was not scheduled for five years.  The Ninth Circuit has rejected that argument.  <u>Gilman v. Schwarzenegger</u>, 638 F.3d 1101 (9th Cir. 2011); <u>Gilman v. Brown</u>, 814 F.3d 1007, 1016-1017 (9th Cir. 2016).

CONCLUSION

  No writ of habeas corpus should issue in this case.

  Pursuant to Rule 11 of the Federal Rules Governing § 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

  For the reasons stated herein, IT IS HEREBY RECOMMENDED that:

  1. Petitioner's application for a writ of habeas corpus be summarily dismissed; and

  2. The District Court decline to issue a certificate of appealability.

  These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 1, 2016

           /s/ Gregory G. Hollows

          UNITED STATES MAGISTRATE JUDGE